# MATHEW J. MARI

ATTORNEY AT LAW

110 WALL STREET - 11TH FLOOR
NEW YORK, NEW YORK 10005
DIRECT: (212) 227-5335 • OFFICE: (212) 804-5737
FAX: (718) 836-2518 • mjmesq@aol.com

**July 6, 2012**

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

RE: U.S. v. Anthony Durso
11 CR 30-15 (KAM)
Sentencing Memo

Dear Judge Matsumato:

The defendant, Anthony Durso, plead guilty to count 47 of the indictment listed above to the crime of conspiracy to violate 18 U.S.C. 894 (a) (1). He is scheduled to be sentenced on August 17, 2012,

## 18 U.S.C. 3553 (a) (1)

1. Standard

The Guidelines range is but one many factors set forth in 18 U.S.C. 3553 (a) that a district court is to consider when imposing sentence. See generally United States v. Booker, 543 U.S. 220 (2005). The Guidelines are not only not mandatory on sentencing courts; they are also not be presumed reasonable. "Nelson v. United States", 129 S. Ct. 890,892 (2009) emphasis in original). A district court's disagreement with the policy considerations of the guidelines, for example is a legitimate bases for sentencing below a given rage. See Gall v. United States, 128 S. Ct. 586,602 (2007) upholding a district court's sentence of probation in a case involving the distribution of over 10,000 pills of ecstasy where the Guidelines range was 30-37 months); Kimbrough v. United States, 128 S. Ct. 558 576 (2007) upholding a district court's decision to sentence a defendant below the Guidelines range based on a disagreement with the Guideline's policy of treating the distribution of crack cocaine more severely than powder cocaine). In every case, the sentencing court "must make an individual assessment based on the facts

presented.United States v. Gall, 128 S. Ct. At 597.

The overarching command of 18 U.S.C. §3553 (a) is that sentences should be "sufficient, but not greater than necessary" to achieve the basic goals of retribution, deterrence and rehabilitation. To arrive at such a sentence, district courts are directed to consider: (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the need for the sentence imposed to provide just punishment, deterrence, and needed educational and vocational training; (3) the kinds of sentences available; (4) the Guidelines range and any pertinent policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentenced disparities among similarly situated defendants; and (6) the need to provide restitution. Id.

## 18 U.S.C. § 3553 (a) (2)

The Court must consider:

(1)     The nature and circumstances of the offense.

(2)     History and characteristics of the defendant.

(3)     The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the defendant, afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.

### The nature and circumstances of the offense.

Mr. Durso at the time of the crime (Count 47) was a 27 year old Department of Sanitation worker. A little over one year before the offense he struck up a relationship with co-defendant Larry Sessa which was primarily based on their common love of eating in good restaurants abundantly and often. He met many of Mr. Sessa's friends and they liked Mr. Durso as well.

On the date of the crime Mr. Sessa asked Mr. Durso to "take a ride" with him. Durso knew that illegal money was going to be collected. Mr. Durso did not know that Mr. Sessa possessed a knife. He had never seen Mr. Sessa in the possession of a knife. He did not expect any violence to occur but thought of himself as a "a stage prop". His large presence would possibly deter John Doe #15 from becoming violent. He did understand that if violence erupted he would protect Mr. Sessa to the best of his ability, which is not very much since he has a limited use of his right hand due to an accident which caused permanent injury.

The information that Mr. Durso took part in the fight does not come from John Doe #15 the victim, but from Anthony Russo who was not at the scene and was gossiping with his friend Tommy Mc Laughlin who was wearing a body wire for the Government. Mr. Russo had no for knowledge of what actually happened. Mr. Russo has since become cooperator and recently testified in the matter of U.S. v. Guerra and stated during his testimony that he was "a liar," "and exaggerator," and that, quote, "I say a lot of things that are not true depending on the

circumstances." Mr. Russo specifically stated that he had lied to Mr. Mc. Laughlin on "the tapes". The Government relies on these unreliable tapes and the self professed liar Mr. Russo, who when confronted under oath about his lies, said "That's who I am."

The victim, by the way, is a life long criminal who did not cooperate with the Government, not because he is afraid of anyone but because he is a "street guy" who does not cooperate but had the "guts" to "beat" Dino Saracino for money and to defy Anthony Russo by not paying the debt.

All of the above does not change the fact that Mr. Durso is guilty of the crimes charged. He knows he made a mistake by taking part in the criminal conduct described in Count 47. He accepts responsibility for what he did but it is important to note that in spite of hundreds of hours of wire taps recorded as part of "Mafia Take Down Day," the cases brought on January 20, 2011, and in spite of all the cooperators the Government has including Timmy Mc Laughlin, Peter Tagliavia, Anthony Russo and Reynold Maragni, there is no evidence that Mr. Durso ever made a dime on illegal activity or participated in illegal gambling, narcotics, loan sharking, and other traditional rackets which were being investigated. He was hanging out with Mr. Sessa and his friends. It was a mistake and he regrets having committed the crime charged in Count 47. With regard to Count 47, the debt in question was not owed to Mr. Durso and he did not receive any compensation for his participation, nor did he expect to receive any compensation. Mr. Durso does not deserve a 3 point enhancement pursuant to Section 2E2. 1 (b) (1) © because another person brandished a knife during the conduct described in Count 47 of the Indictment. It was not foreseeable that Mr. Durso would know a knife might be brandished or might be present at the scene. He did not discuss that with anyone and did not even know that his co-defendant was in possession of a knife. When a knife was displayed he tried to calm the situation. Anthony Durso, was a minor participant in the activity described in Count 47 of the Indictment. He should receive a 2 point reduction under ; 3B1. 2(b).

In light of the above Mr. Durso's total offense level should be Level l3 and with a CHC of 1 and 2 global point considered, his guideline range should be 12-18 months.

## The History and Characteristics of the Defendant

The defendant strenuously objects to Paragraph 33 of the PSR as totally untrue, offensive to him, and ridiculous. It is based on the gossip of Anthony Russo who has no knowledge of such untrue facts. The defendant also continues his objection to Paragraph 41, the last two sentences.

Paragraphs 34-57 of the PSR are accurate. Mr. Durso is now 28 years old. He has been allowed by the court to continue working as a N.Y.C. Sanitation Department worker while under home confinement conditions of bail. For almost l8 months he has complied with all conditions and that can be attested to by his Pre-Trial Supervising Officer, Mr. Calvi. He is currently being considered for a promotion at the Department of Sanitation. If he is absent from his job for more than one year he will have no possibility of being reinstated. If he is absent at all he could be terminated. Mr. Durso made a mistake and regrets it but if he is incarcerated for more than one year he will certainly lose his job and if he is incarcerated at all he will probably lose his job.

This conviction is his one and only arrest.  He is a good worker and a hard worker.  It serves no purpose for him to be rendered unemployed.  Paragraphs 34-57 of th PSR describe a personal history which is exemplary.

## 18 U.S.C. 3553 (a)(6)

The court must avoid unwarranted sentenced disparities among defendants with similar records who have been found guilty of similar conduct.  See U.S. v. Ebbers, 458 f. 3d ll0, 129 (2d CIR. 2006).  Mr. Durso's co-defendant, Giovanni Galluzzo was sentenced to 21 months of incarceration in spite of the fact that the Government claimed he was scheduled to be inducted into what they call "The Colombo Crime Family."  He was charged with two counts of operating an illegal gambling business (Counts 31 and 37) and two counts of extortionate collection of credit (Counts 47 and 48).  Mr. Galluzzo plead guilty to Count 47 and Count 31.  His guidelines were 27-33 months, Level l6 and Criminal History Category I .  The Government accused him of being a long time associate of the Colombo and Lucchese Families and said that for years he was engaged in criminal activity and was "committed to a life of crime."  Mr. Galluzzo has two prior convictions including arson.  The government claims he has committed crimes of violence, narcotics trafficking, and illegal gambling.  Yet he was sentenced to less than his minimal guideline range.

## **CONCLUSION**

I respectfully request that this 28 year old sanitation worker who has been arrested for the first time, has accepted responsibility, and has continued to work with the Court's permission while in home detention for 18 months, be given a non-custodial sentence with whatever other conditions that the court deems appropriate to provide sufficient punishment, deterrence, protect the public from future crimes by this defendant, and to promote respect for the law by demonstrating that each individual who comes before the Court is treated as an individual and treated fairly. A non-custodial sentence would be appropriate for this young man who made a mistake and can continue to be a productive person and public servant instead of becoming an ex-convict with no job. A felony conviction and whatever conditions attached to his probation should suffice to satisfy the law and the interests of justice.

Respectfully submitted,

Mathew J. Mari

Mathew J. Mari

cc: TO ALL COUNSEL BY ECF

# EXHIBIT A
## LETTERS IN SUPPORT OF ANTHONY DURSO

Regina Durso
1324 74th Street
Brooklyn, New York  11228


Hon. Kiyo. A. Matsumoto
U.S.. District Judge,  E.D.N.Y.
U.S. Courthouse
225 Cadman  Plaza
Brooklyn, New York  11228

Re:  U.S. v Durso, 1 Cr 30 (KAM)                    August 25, 2011

Dear Judge Matsumoto:

My name is Regina Durso and I am Anthony Durso's mother.  I was surprised to learn
that Anthony is in  trouble because he has always been a good person and loving son.  I
know, in my heart, he has already learned his lesson and knows that he has to pay for his
mistake.  He is sorry for any wrong doing and for the anguish that this has caused me and
our family.  Each week he helps me with the chores and he helps pay for groceries,
utilities and rent.  He is worried about my well-being and is hopeful that he will be able
to keep his job with the Department of Sanitation upon his return from prison, so that he
can continue to help me financially.

Please, Your Honor, I hope you take this letter into consideration when sentencing
Anthony.  He has been with the Department of Sanitation for seven years and has always
been a good employee.

                                        Sincerely,


                                        Regina Durso

**PAUL DURSO**
1836 Bushwick Avenue, North Merrick, NY 11566

September 5, 2011

Hon. Kiyo A. Matsumoto
U.S. District Judge, EDNY
U.S> Courthouse
225 Cadman Plaza East
Brooklyn, NY 11228

Dear Judge Matsumoto:

My name is Paul Durso, I am Anthony Durso's Father. I work two jobs, one as a auto mechanic and the other as a property manager.

I was shocked the morning I received a phone call that my son was arrested and put in jail. Anthony is a loving and respectful young man. He always helps his grandfather and me with anything that is needed around the house.

My son is a hard working NYC Sanitation employee for the past 7 years. He drives a tow truck, and services the garbage and salt trucks.

I love my son very much and it would break my heart to see him in jail and loose his much needed job.

Sincerely,

Paul Durso

## LISA TRAPASSO
1836 Bushwick Avenue, North Merrick, NY 11566

September 5, 2011

Hon. Kiyo A. Matsumoto
U.S. District Judge, EDNY
U.S> Courthouse
225 Cadman Plaza East
Brooklyn, NY 11228

Dear Judge Matsumoto:

My name is Lisa Trapasso. I am Anthony Durso's step-mother. I am a hair dresser on Long Island.

I have known Anthony for 9 years. I was shocked and disheartened when I heard the news that he was arrested.

Since the day I meant Anthony, he is always very respectful and loving. He is the best big brother to both of my daughters.

Anytime we need anything he is always is the first to help. He always helps out and cares for the girls (and our two dogs at my house) when we would go on vacation. Everything is always as if we never left.

We all love him very much.

As a mother, this breaks my heart to see him go to jail and most importantly loose his job. My heart goes out to his mother. She has worked very hard to raise a respectful loving young man.

Please be lenient with Anthony. He will not disappoint you.

Sincerely,

Lisa Trapasso

Lisa Trapassso

**Anthony Durso**
1515 80th Street, Brooklyn, NY 11228

September 5, 2011

Hon. Kiyo A. Matsumoto
U.S. District Judge, EDNY
U.S> Courthouse
225 Cadman Plaza East
Brooklyn, NY 11228

Dear Judge Matsumoto:

My name is Anthony Durso. I am the grandfather of Anthony Durso who has been in your court. Though I can pretty much take care of myself I do rely on and am grateful for all my grandson does for me. He is my only grandchild, we are very close and I am proud of him.

He is a hard worker not only as an employee of the New York City Sanitation Department but also is always there to help me. When the weather is bad, Anthony always shovels my house and car, he takes me shopping so I don't have to drive sometimes. He drives me out to Long Island to visit family because he doesn't want me to travel long distance by myself. Anthony does many things to help me out.

I was very shocked and upset when I heard of Anthony's troubles – he has always been a good person. I ask that you be kind when considering his sentence.

Sincerely,

*Anthony Durso*

Anthony Durso

Hon. Kiyo A. Matsumoto
U.S. District Judge, E.D.N.Y
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, N.y. 11228


Re: U.S. V. Durso, 11CR30 ( KAM )

Dear Judge Matsumato:


My name is Robert Hoffner. I have known Anthony Durso for seven years. I have
been Anthony's immediate Supervisor at the department of Sanitation for the
past seven years,  Anthony has always been a hard worker and very respective
to me as his boss.
When I heard Anthony was in trouble with the law, it came as a shock to me.
I'm sure that after Anthony gets through this time in his life that he will lead a law
abiding life.
I would really hope that the judge can be as lenient as possible when hearing his
case.

Sincerely

Robert Hoffner

Aunt Barbara
Barbara Curcuru
212 Fairview Avenue
Staten Island, New York 10314

Hon. Kiyo A. Matsumoto
U.S. District Judge. E.D.N.Y.
U.S. Courthouse
225 Cadman Plaza
Brooklyn, New York 11228

Re:  U.S. v. Durso, 1 Cr 30 (KAM)

August 26, 2011

Dear Judge Matsumoto:

My name is Barbara Curcuru and I am Anthony Durso's aunt. Anthony's
mother is my sister.  Anthony has always shown himself as a
loyal,loving, kind individual who respects his family and his friends.
His works of kindness are innumerable. I have never known him to show
any propensity toward violence or disobedience.  That is why, it is to
my surprise and dissappointment,that he is in trouble with the law.
Any crime he has committed is completely out of character for Anthony.

"When I said, My foot slippeth,thy mercy, O Lord, held me up" Psalm
94:18

Anthony has always walked a straight and narrow path and his foot
slipped, but just for a moment.  When sentencing Anthony, please take
into consideration that he has been remorseful for any wrong doing. I
respectfully ask that you show him leniency within the confines of the
law.  The Department of Sanitation will retain his position, if he
serves one year or less in prison.

Sincerely,

Barbara Curcuru

Barbara Curcuru

Page 1

Joseph M. Curcuru Jr
212 Fairview Avenue
Staten Island, NY 10314

Hon. Kiyo A. Matsumoto
U.S. District Judge, E.D.N.Y.
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11228

August 28th, 2011

Re: U.S. v. Durso, 11 CR 30 (KAM)

Dear Judge Matsumoto:

My name is Joseph M Curcuru Jr. I have known Anthony Durso my whole life.
Anthony is my first cousin through my mother's sister Gina. I have known Anthony to
be a very loving cousin and member of my family, as well as a very hard working
individual. He has taken care of my Aunt Cathleen in her state of ill-health by tending to
her needs and transporting necessities back and forth to her in the nursing home and
hospital. He has also done much to help my grandmother with her daily needs, especially
during the latter part of her life.

I expect Anthony, after his release from prison, to lead a law-abiding life to the best of
his ability. It is my sincere request as Anthony's cousin and friend, that you would be
lenient with his sentencing, to the best of your lawful ability. From what I understand, if
Anthony's sentence is longer than one year, he will lose his job with the Department of
Sanitation. With all due respect, I ask that Anthony's sentence be kept under a year, so
he may return to work with the DOS so that he can continue to support himself
financially, and be a productive member of society. Thank you for taking these things
into consideration, it is greatly appreciated.

Sincerely,

Joseph M. Curcuru.

Joseph M. Curcuru Jr.

Carol Naji                                        **August 22, 2011**
56 Dubois Avenue
Staten Island, New York 10310

Hon. Kiyo Matsumoto
U.S. District Judge. E.D.N.Y.
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11228

Re: U.S. v Durso, 11 CR 30 (KAM)

Dear Judge Matsumoto:

My name is Carol Naji. I am Anthony Durso's Aunt and Godmother. I have known Anthony since the day he was born. Anthony is the kindest most respectful person I know. He has a huge heart, and was always there for me when I needed him. When my dear sister was dying from cancer, Anthony was the one who stayed by her side and took care of her more than anyone else. We are all so surprised about the trouble Anthony is in. He went astray for a moment, but I promise you, given the chance, he will follow the right path in life again.

I can tell you many stories of all the good Anthony has done in his life. I am asking you to find it in your heart to show him some mercy. Anthony can do more good in this world than wasting away in prison. I thank you for taking time to consider Anthony's fate. God Bless you.

Yours Truly,

Carol Naji

Barbara Cence
56 Dubois Avenue
Staten Island, NY 10310

Hon. Kiyo Matsumoto
U.S. District Judge. E.D.N.Y
U.S.Courthouse
225 Cadman Plaza East
Brooklyn,NY 11228

Re: U.S. v Durso, 11 CR 30 (KAM)

August 20, 2011

Dear Judge Mastsumoto:

My name is Barbara Cence and I am Anthony Durso's oldest cousin.. I have known
Anthony since the day he was born.  I don't just consider Anthony my cousin, but as my
brother and close friend.  He is a man with a heart of gold and is always there when you
need him.  Just talking to him makes us feel better. I have a seventeen year old son that
he watches over like a guardian angel and is helping get his life on track. This is why I
was surprised to learn that Anthony made this one mistake with the law. I know in my
heart that he will never go down this path again. He has learned to stay away from
trouble.  My cousin has never been in any trouble before.

I respectfully ask you to show him some mercy when sentencing. I thank you, and my
family thanks you for your consideration.


Yours Truly,

Barbara Cence

**Michael Ledbetter**
**143 Wolverine Avenue**
**Staten Island, New York 10306**

Hon. Kiyo Matsumoto
U.S. District Judge. E.D.N.Y.
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11228

Re: U.S. v Durso, 11 CR 30 (KAM)

August 17, 2011

Dear Judge Matsumoto:

My name is Michael Ledbetter, I am Anthony's cousin. I am 29 years old. I have known Anthony almost 28 years. We grew up together and I love him like a brother. Besides being a cousin, Anthony is my best friend. We both took the test for Dept. of Sanitation together and Anthony was called. He never bragged or made me feel bad that he got the job and I didn't. He helped me and my mother anytime we needed it. My Grandmother, who since has passed away, adored Anthony and would be heartbroken to know he is going to prison. I don't know how Anthony got into trouble. I do know he is a good man who made a mistake. He will never repeat that mistake again. I am hoping you will not be harsh when you sentence Anthony. He is one person that deserves a second chance. Thank you for reading this letter.

Yours Truly

Michael Ledbetter

**Michael Ledbetter**

Jacalyn Ciappetta
1511 76 street
Brooklyn, NY 11228


Hon.Kiyo A. Matsumoto
U.S. District Judge, E.D.N.Y.
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11228

September 2, 2011

Re: U.S. v. Durso, 11 CR 30 (KAM)


Dear Judge Matsumoto:

My name is Jacalyn Ciappetta. I have known Anthony Durso for 12 years. We met
through mutual friends in High School, and we have been great friends ever since.
Anthony is a very caring and sincere person. He has always been there for me when I
needed him especially after the loss of my mother. Anthony thinks of others before
himself. He is a hardworking person and is well respected by everyone he knows.
He is always there to lend a helping hand and never ever complains about it. He has a
great heart and helped me get through some tough times in life. I will always be thankful
for our friendship.

I am dumbfounded by the fact Anthony is in trouble with the law because it is so out of
character for him. I know he has learned a lot from this experience and will lead a law
abiding life in the future. I am hoping and praying you will be as lenient as possible.


Sincerely,

Jacalyn Ciappetta

# Erin Donohue

1824 Bushwick Avenue
North Merrick, NY 11566
516-754-0404


September 3, 2011

Hon. Kiyo A. Matsumoto
U.S. District Judge, EDNY
U.S> Courthouse
225 Cadman Plaza East
Brooklyn, NY 11228


Dear Judge Matsumoto:

My name is Erin Donohue. I have known Anthony Durso for over fifteen years. I met him through his father, Paul, whom I live next door to in Merrick, New York. I have always found Anthony to be respectful, caring and helpful. Having been at family occasions with the Dursos, I was there when Anthony proudly walked his stepmother, Lisa down the aisle when she married his dad.

Anthony was always quick to lend a hand when his father needed it, he often helped watch and take care of his step sisters when Paul and Lisa where out of town. Taking care of things around his father's house also included caring for the dogs, working with his dad on household projects or one of the cars.

I have often seen Anthony in the company of other family members, coming for visits with his uncle or bringing his grandfather over to Paul's house for one family event or another. I know his father and the rest of the family is proud of Anthony for having been hired by the Sanitation Department, being able to take his skills and put them to good use helping the people of New York City.

Needless to say, it is was a great surprise to me (and my family) that Anthony had gotten in trouble with the law. I do believe that Anthony is the type of person that has learned from this situation and will come out of it a better person than he was before. I expect that he will lead a law-abiding life and be an example to others; I hope that when you consider the punishment he is to be dealt that it be as lenient as possible.


Sincerely,

Erin Donohue

James K Accardi
19 Fairway Drive
Rocky Point N.Y.11778

Hon.Kiyo A. Matsumoto
U.S. District Judge,E.D.N.Y.
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, N.Y. 1122

09-01-11

Re: U.S. v. Durso, 11 CR 30(KAM)

Dear Judge Matsumoto:

My name is James Accardi. I have known Anthony Durso his whole life. He is my first
cousin's son and a cherished member of my extended family. Anthony has always been
in my experience a caring, generous and trust worthy person.

I was shocked and completely surprised when I heard he was in trouble with the law.
Anthony had never exhibited to me any type of behavior that would lead me to believe
that he is not a law abiding citizen. Anthony is an industrious young man and is gainfully
employed by the N.Y.C. department of Sanitation. I truly believe Anthony will rectify
any mistakes he may have made in the past and prove to you that he will use this
unfortunate incident to become a better person and a better member of our society.

In closing I would ask you to use all your wisdom and judgment to provide Anthony with
an opportunity to continue to pursue the positive and valued aspects of his life and to
please be as lenient as possible in this case.

Respectfully;

James K Accardi

Ricky Pennacchi

1 Odell Court, Old Bridge, N.J., 08857

Hon. Kiyo A. Matsumoto

U.S. District Judge, E.D.N.Y.

U.S. Courthouse

225 Cadman Plaza East

Brooklyn, N.Y., 11228

08/09/2011

Re: U.S. v. Durso, 11 CR 30 (KAM)

Dear Judge Matsumoto,

My name is Ricky Pennacchi. I have known Anthony Durso for seven years. I was lucky enough to meet him one night at a friend's house. I was lucky because I met my best friend that night. He became my best friend because of how great of a person he is. He is loyal, he is warm-hearted, he is caring, and he would always be there for me if I ever needed him to be. He is everything you want in a best friend. We were inseparable for a while until I moved to New Jersey with my family and the traveling became too much and we were not able to see each other as much as we use to. Once I heard the news that he was in trouble with the law, I thought it was all a big joke. I just could not and I still do not believe how my best friend Anthony got caught up in this situation. It does not make sense too me because I know how smart and how great of a man he is.

Your honor, if you can think of someone who is close to your heart, someone who will never hurt you or will always be there for you. Someone you can never imagine being in trouble with the law... The person you are thinking of is a lot like my best friend Anthony. He took a wrong turn somewhere and I know he will never make this mistake again. I can guarantee it because that's how well I know Anthony. Your honor, if you can find it in your heart to give him a second chance, please give it to him. I can go on forever trying to prove to you that he is not the man that is stated on your records. I know you do not know Anthony the way I do and all of his real friends do but he is not what the records state. He does not deserve to be in prison, he does not deserve to be in your courtroom, he deserves to be home with his real family and his real friends. I lost my best friend once before, I can not lose him again.

Sincerely,

Ricky Pennacchi